**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL ENOCH HOWARD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-4109** |
| | : | |
| **MONTGOMERY COUNTY,** | : | |
| **Defendant.** | : | |

# MEMORANDUM

**COSTELLO, J.** **AUGUST 17, 2026**

*Pro se* Plaintiff Daniel Enoch Howard commenced this civil action by filing a Complaint naming Montgomery County as the lone Defendant. (ECF No. 2.) Howard also seeks leave to proceed *in forma pauperis*. (*See* ECF Nos. 1, 5.) For the following reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss the Complaint on statutory screening pursuant to 28 U.S.C. § 1915.

## I. FACTUAL ALLEGATIONS[1]

In his handwritten form Complaint, Howard appears to take issue with criminal charges pending against him for an incident that occurred in Norristown, Montgomery County. (*See* Compl. at 3-4.) He complains of a "bill" with a "lead charge 4904 second charge [sic]." (*Id.* at 3.) He asserts that the "warrant of arrest claimed that [he] intentionally and knowingly gave a false written statement for a firearm. Court said it was [a] statement under penalty." (*Id.* at 4.)

---

[1] The facts set forth in this Memorandum are taken from Howard's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are modified where necessary. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Howard states that the events occurred at Treeline Sports in Norristown. (*Id.*) He asserts that "the county and police and Treeline Sports know that he didn't know and it was[n't] intentional." (*Id.* at 5.) He asserts that after he "went to jail" and "had court," he "didn't go to the next hearing based on the case being nothing." (*Id.*) For relief, he asks that "the county should let go of the warrant[,] since it hasn't been proven that [he] gave them a false statement on purpose." (*Id.*) He also appears to ask for damages to compensate for the time he spent in jail. (*Id.*)

Howard previously brought a case in this Court in December 2024, against Treeline Sports, Montgomery County, and other Defendants. *See Howard v. Treeline Sports*, No. 24-6783, 2025 WL 345088 (E.D. Pa. Jan. 30, 2025). There, the Court took judicial notice that:

> [C]riminal charges are pending against Howard in the Montgomery County Magisterial District Court, apparently related to this incident. A criminal complaint was filed on December 17, 2024, charging Howard with making a false statement and making a materially false written statement in connection with the purchase, delivery, or transfer of a firearm, in violation of 18 Pa. Stat. §§ 4904(b) and 6111(g)(4)(ii), respectively, with an offense date of August 31, 2024.

*Id.* at *1 n.3 (citing *Commonwealth v. Howard*, MJ-38101-CR-0000528-2024 (Montgomery Mag. D.J. 38-1-01)). The Court construed Howard's Complaint "to dispute the validity of the warrant for his arrest due to his perception of a difference between voluntary and involuntary commitment under the Pennsylvania Mental Health Procedures Act as it relates to prohibitions on possessing firearms." *Id.* at *1. The Court now takes judicial notice that Howard's criminal proceedings have migrated to the Montgomery County Court of Common Pleas, that the charges remain pending, and that the latest entry on the docket dated March 5, 2026, indicates a complete bail forfeiture. *See Commonwealth v. Howard*, No. CP-46-CR-0000409-2025 (C.P. Montgomery). The Court also notes that there is an active bench warrant for Howard, issued on March 5, 2026, based on a failure to appear in that case. *See* Montgomery County, *Active Bench*

*Warrants*, https://www.montgomerycountypa.gov/departments/sheriffs-office/wanted-persons/active-bench-warrants (last visited August 13, 2026).

## II. STANDARD OF REVIEW

Because it appears that Howard is incapable of paying the fees to commence this civil action, the Court will grant leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Howard's Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (citation modified), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Howard is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.*

(quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)); *see also* Fed. R. Civ. P. 8(a)(1) (requiring that a

pleading contain "a short and plain statement of the grounds for the court's jurisdiction" in order to state a claim to relief).

## III. DISCUSSION

It is not clear what claims Howard is attempting to assert. The only relief he seeks is to have Montgomery County "let go of the warrant" and to "clear [his] name." (Compl. at 5.) He names only Montgomery County as a Defendant and, in invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, he cites only to a state criminal statute under which he has been charged. (*See id.* at 3.) But federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and federal question jurisdiction extends only to "civil actions arising under 'the Constitution, laws, or treaties of the United States,'" *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*per curiam*) (quoting 28 U.S.C. § 1331). Accordingly, he has not stated a plausible, cognizable federal claim, and his Complaint must be dismissed for lack of subject matter jurisdiction.

Even if the Court were to construe Howard's Complaint to assert claims for violations of his constitutional rights 42 U.S.C. § 1983, he still has not stated a claim to relief. As the Court has previously explained to Howard, to state a claim for municipal liability against Montgomery County, he must allege that the County's policies or customs caused the alleged constitutional violation, and must identify the custom or policy, and specify what exactly that custom or policy was to satisfy the pleading standard. *Howard*, 2025 WL 345088, at *3 (first citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); then citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003); then quoting *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)). Howard names only Montgomery County as a Defendant but again does not allege that any custom or policy of Montgomery County injured him.

To the extent that Howard might again attempt to assert a claim for malicious prosecution, he has not named a proper defendant for such a claim. Even if he had, the claim is still premature for the same reasons the Court explained to him in his earlier case. Specifically, an element of a malicious prosecution claim is that the criminal proceedings have terminated in favor of the plaintiff bringing the claim. *See Howard*, 2025 WL 345088, at *2 (citations omitted); *see also Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. Apr. 26, 2021) (*per curiam*) ("The time to raise [malicious prosecution] claims "does not begin to run until the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in [his] favor.'" (quoting *McDonough v. Smith*, 588 U.S. 109, 114 (2019))). Howard's state criminal case is ongoing; until it has ended in his favor, he cannot bring a claim in federal court for malicious prosecution, regardless of who is named as a defendant.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)). However, he will not be given leave to amend at this time.

**BY THE COURT:**



**MARY KAY COSTELLO, J.**